People v Griffin (2019 NY Slip Op 07962)





People v Griffin


2019 NY Slip Op 07962


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109898

[*1]The People of the State of New York, Respondent,
v
Tyrell Griffin, Appellant.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Erin C. Morigerato, Albany, for appellant.
D. Holley Carnwright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Ulster County (Williams Jr., J.), rendered September 12, 2017, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with the crime of attempted promoting prison contraband in the first degree. He pleaded guilty to this charge and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 2 to 4 years in prison, to run consecutively to the prison sentence that he was then serving. Defendant appeals.
Initially, we find no merit to defendant's challenge to the validity of his appeal waiver. The record reveals that County Court advised defendant of the separate and distinct nature of the waiver of the right to appeal, as well as its many ramifications, and defendant communicated his understanding thereof. In addition, he signed a comprehensive written waiver in open court after conferring with counsel. Accordingly, we find that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Cannelli, 173 AD3d 1567, 1567-1568 [2019]; People v Morton, 173 AD3d 1464, 1465 [2019], lv denied 34 NY3d 935 [2019]).
Although not precluded by his valid appeal waiver, defendant's claim that his guilty plea was not knowing, voluntary and intelligent has not been preserved for our review, as the record does not reflect that he made an appropriate postallocution motion despite having an opportunity to do so (see People v Morton 173 AD3d at 1465; People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]; People v Pantoja, 172 AD3d 1826, 1826-1827 [2019]). For the same reason, defendant's claim that his counsel was ineffective — to the extent that it impacted the voluntariness of his guilty plea — is also unpreserved (see People v Alexander, 174 AD3d 1068, 1069 [2019], lv denied ___ NY3d ___ [Sept. 4, 2019]; People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]). Moreover, the exception to the preservation rule is inapplicable, as defendant did not make any statements that negated his guilt or cast doubt upon the voluntariness of his plea (see People v Morton, 173 AD3d at 1465-1466; People v White, 172 AD3d at 1824). Lastly, defendant's challenge to the severity of his sentence is foreclosed by his valid appeal waiver (see People v King, 172 AD3d 1763, 1764 [2019]; People v Greene, 171 AD3d 1407, 1408 [2019]).
Lynch, J.P., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.